**NOT DESIGNATED FOR PUBLICATION**

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2019 CA 0433

MELISSA RUSHING INDIVIDUALLY AND ON BEHALF OF HER MINOR
SON, TRISTEN RUSHING

VERSUS

JASON JONES, MCKINLEY HIGH SCHOOL AND EAST BATON ROUGE
PARISH SCHOOL SYSTEM

Judgment rendered  **FEB 1 1 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C640369, Sec. 23

The Honorable William Morvant, Judge Presiding

* * * * *

Locke Meredith
Sean Fagan
Collins Meredith
Mitchell Meredith
Baton Rouge, Louisiana

Anderson O. Dotson, III
Baton Rouge, Louisiana

Carla S. Courtney
Harold J. Adkins
Jonathan D. Blake
Baton Rouge, Louisiana

Attorneys for Plaintiffs/Appellees
Melissa Rushing and Tristen Rushing

Attorney for Defendant/Appellant
Jason Jones

Attorneys for Defendant/Appellant
East Baton Rouge Parish School
System

* * * * *

BEFORE:  McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

In this personal injury action, defendants, the East Baton Rouge Parish School Board and Jason Jones, appeal a judgment awarding damages to plaintiffs, Tristen Rushing and Melissa Rushing. We affirm the general damage awards, but reduce the past medical expense award, and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

On June 25, 2015, Mrs. Rushing, individually and on behalf of her then-minor son Tristen, filed this lawsuit against defendants, seeking damages for injuries sustained by Tristen while at band practice at McKinley High School on October 28, 2014. A four-day jury trial was held, during which plaintiffs and defendants gave differing versions of the events culminating in Tristen's injuries. Evidence was presented establishing that on October 28, 2014, Tristen was several minutes late for band practice, and as punishment for his tardiness, Tristen was ordered by Mr. Jones, the assistant band director, to do 200 push-ups. Evidence further established that soon thereafter, Tristen was hospitalized for a life-threatening condition known as rhabdomyolysis, which results when muscles in the body break down and cause the body to release certain enzymes into the blood stream. Medical testimony established a causative link between the rhabdomyolysis and the push-ups performed by Tristen at band practice.

A unanimous jury found that defendants were at fault and that Tristen suffered injuries as a result of the October 28, 2014 incident. The jury awarded Tristen past medical expenses in the amount of $10,000.00 and general damages in the amount of $175,000.00. The jury itemized general damages as followed: $50,000.00 for past physical pain and suffering; $85,000.00 for past mental pain and suffering; $10,000.00 for future medical pain and suffering; and $30,000.00 for loss of enjoyment of life. The jury declined to enter an award for future loss of

2

enjoyment of life. The jury awarded Mrs. Rushing $5,000.00 for loss of consortium. A judgment was rendered in accordance with the jury verdict October 9, 2018.

In this appeal, defendants do not contest the jury's fault determination or its finding that Tristen sustained injuries as a result of the incident in question. However, defendants contest the amount of the general damage awards and the award for past medical expenses, contending that the awards are not supported by the testimony or the evidence. Specifically, defendants attack the $10,000.00 award of past medical expenses, the general damage awards to Tristen for past mental pain and suffering and loss of enjoyment of life, and the loss of consortium award to Mrs. Rushing.

We first review the award of special damages. A plaintiff may recover reasonable medical expenses incurred as a result of an injury. **Mack v. Wiley,** 2007-2344 (La. App. 1st Cir. 5/2/08), 991 So.2d 479, 489, writ denied, 2008-1181 (La. 9/19/08), 992 So.2d 932. Past medical expenses are special damages that are capable of being determined by mathematical certainty. As such, they must be proven by a preponderance of the evidence. **Id**.

An exhibit itemizing Tristen's medical expenses was introduced into evidence. The medical expenses set forth in this exhibit total $8,302.90. However, the jury awarded Tristen $10,000.00 for past medical expenses. We agree that the jury's past medical expense award is not supported by the record. Defendants do not dispute the existence of a causal connection between the injuries and amount set forth in the exhibit. Therefore, we reduce the past medical expense award to $8,302.90.

Next, we review the award of general damages. It is well settled that in the assessment of general damages, the discretion of the jury is great and even "vast,"

3

so that an appellate court should rarely disturb an award of general damages. **Mack**, 991 So.2d at 490 (citing **Youn v. Maritime Overseas Corp**, 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994)).

The role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Thus, the initial inquiry is whether the award is a clear abuse of the "much discretion" afforded to the trier of fact. **Id.** It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the particular injury to the particular plaintiff under the particular circumstances that an appellate court may increase or decrease the award. **Id.**

We have thoroughly reviewed the record, and we find no abuse of the vast discretion accorded to the jury in assessing general damages. The jury heard evidence that Tristen was ostracized by his classmates for reporting the incident. Evidence was also presented demonstrating that following the incident, the once out-going, music-loving, friendly teenager became introverted, depressed, suicidal, and lost his passion for music. The general damage awards to Tristen and his mother are not beyond that which a reasonable jury could assess for the injuries suffered by plaintiffs under the circumstances of this case. Accordingly, the general damage award is affirmed.

## CONCLUSION

For the foregoing reasons, we amend the medical expense award to award Tristen Rushing $8,302.90. In all other respects, the judgment is affirmed. All costs of this appeal, in the amount of $3,713.50, are assessed 75% to the East Baton Rouge Parish School System and 25% to plaintiffs.

**AMENDED IN PART AND AS AMENDED, AFFIRMED.**

4